## G. S. SUPPIGER CO. v. MORTON SALT CO.

### No. 246.

District Court, N. D. Illinois, E. D.

Jan. 31, 1940.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., and Lawrence C. Kingsland, Estill E. Ezell, and Edmund C. Rogers, all of St. Louis, Mo., for plaintiff.

Clarence E. Mehlhope, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Defendant has moved for a summary judgment dismissing plaintiff's complaint. I am of the opinion that defendant's motion should be sustained. American Lecithin Company v. Warfield Company, 7 Cir., 105 F.2d 207.

Plaintiff relies largely upon Federal Trade Commission v. Sinclair Refining Co., 261 U.S. 463, 474, 43 S.Ct. 450, 67 L.Ed. 746, but that case is clearly distinguishable from the case at bar. International Business Machines Corp. v. United States, 298 U.S. 131, 56 S.Ct. 701, 80 L.Ed. 1085.

Plaintiff also contends that defendant is not entitled to judgment because plaintiff has not obtained and cannot obtain a complete monopoly on the sale of salt tablets through the restrictions imposed on the use of the patented machines. But Section 3 of the Clayton Act, 15 U.S.C.A. § 14, condemns agreements which result in a limited monopoly.

Plaintiff attempts to defend the restrictions placed upon the use of its patented machine by urging that it requires "salt tablets of a particular configuration for continuous untroubled performance." But it seems perfectly clear from the record that any salt manufacturer could easily, and defendant does, manufacture tablets of the particular form required for the successful operation of the machine. All that is necessary is for plaintiff to notify the users of the machine that it may be successfully operated with tablets of that form.